## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| ANTHONY-LAMONT SCOTT, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-1193-JWB-GEB |
| | ) | |
| EIGHTEENTH JUDICIAL DISTRICT COURT | ) | |
| SEDGWICK COUNTY KANSAS, | ) | |
| MARC BENNETT, SEDGWICK COUNTY | ) | |
| SHERIFF'S OFFICE AND WICHITA POLICE | ) | |
| DEPARTMENT, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE AND REPORT AND RECOMMENDATION OF DISMISSAL

This matter is before the Court on Plaintiff's Motion to Proceed Without Prepayment of Fees (ECF No. 3, *sealed*) and supporting Affidavit of Financial Status (ECF No. 3-1, *sealed*). Upon careful screening of the Complaint **(ECF No. 1)**, as required by 28 U.S.C. § 1915(e)(2)(B), the Court **RECOMMENDS** the District Judge **DISMISS** all claims without prejudice because the Court lacks subject matter jurisdiction.

## I.    NOTICE

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

1

## II.    Background[1]

On October 24, 2024, Plaintiff filed his Complaint. Plaintiff's Complaint is comprised of a Civil Complaint Form and multiple attachments. In the form, Plaintiff seems to allege a civil rights violation by the Sedgwick County Police Department when they "kidnapped" him on August 27, 2024. He then alleges he was forced under duress to wear an "electronic device." In the attachments, Plaintiff cites to a criminal case, Case No. SG-2024-CR-001765, and states reasons why it should be dismissed (ECF No. 1-3). As relief, he requests immediate dismissal of the criminal case, immediate removal of the electronic device, and monetary damages.

## III.    Recommendation of Dismissal

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 1915(e)(2)(B) requires the court to screen the party's complaint. The purpose of screening is "the prevention of abusive or capricious litigation."[2] As relevant here, under 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal is required if the court determines the action fails to state a claim upon which relief may be granted. This requires the Court to review Plaintiff's Complaint under the same standard used when considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[3] Under this standard, a plaintiff's

---

[1] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

[2] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing language contained in § 1915(d), prior to the statute's amendment in 1996)).

[3] *See Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

complaint "must allege sufficient facts to state a claim which is plausible—*rather than merely conceivable*—on its face."[4]  "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[5]

Because Plaintiff proceeds pro se, his pleadings must be liberally construed.[6] However, because a legally adequate complaint "demands more than naked assertions,"[7] Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal claim could be based."[8] And, the Court cannot "take on the responsibility of serving as [an] attorney in constructing arguments and searching the record."[9]

A liberal construction of Plaintiff's Complaint finds Plaintiff is seeking to challenge ongoing state criminal proceedings in Sedgwick County, Kansas. He requests dismissal of his criminal case, Case No. SG-2024-CR-001765, removal of the electronic device the state has placed on him, and monetary relief.[10] However, federal courts are required to abstain from interfering in ongoing state court criminal proceedings.

---

[4] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. Jan. 22, 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[5] *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citing *Twombly*, 550 U.S. at 555) (internal citations omitted).
[6] *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991).
[7] *Cohen v. Delong*, 369 F. App'x 953, 957 (10th Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).
[8] *Bellmon*, 935 F. 2d at 1110.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 2010 WL 6032763, at *2 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir.2005)).
[10] ECF No. 1 at 4.

A.    *Younger* Abstention Doctrine

While Plaintiff may not be aware, federal courts are courts of limited jurisdiction.[11] The *Younger* abstention doctrine precludes federal courts from interfering in pending state court proceedings.[12] The doctrine is based on "notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems."[13] To determine whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[14] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[15]

Plaintiff provides the grounds for dismissal of criminal Case No. SG-2024-CR-001765. However, Plaintiff neither addresses whether dismissal of that case was requested in Sedgwick County, nor the current status of the proceedings. Additionally, the Sedgwick County public record demonstrates the criminal proceedings associated with Plaintiff and

---

[11] *Watson v. Missouri,* No. 15-9930-JAR, 2016 WL 1359868, at *2 (D. Kan. April 6, 2016) (citing *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) and *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995)).

[12] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

[13] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir.1997).

[14] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)). *See Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).

[15] *Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

the criminal case number cited are still pending.[16] Therefore, it appears the first and second conditions for *Younger* abstention are met where Plaintiff's state criminal case is ongoing and the State of Kansas has an important interest in enforcing its' criminal laws through criminal proceedings in the state's courts.[17] Additionally, the third factor is met where Kansas courts provide Plaintiff with an adequate forum to litigate any constitutional claims by way of pretrial proceedings, trial, direct appeal after conviction and sentence, as well as post-conviction remedies.[18] Thus, where all three conditions are met, the Court is required to abstain pursuant to the *Younger* doctrine.

The Court also considers it may decline to abstain under *Younger* when extraordinary circumstances are present, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[19] But plaintiffs must meet a "'heavy burden' to overcome the bar of *Younger* abstention [and must set] forth more than mere allegations of bad faith or harassment."[20] While Plaintiff alleges he was kidnapped on August 27, 2024 and forced under duress into

---

[16] Case No. SG-2024-CR-001765.

[17] *In re Troff*, 488 F.3d 1237, 1240 (10th Cir. 2007) ("[S]tate control over criminal justice [is] a lynchpin in the unique balance of interests" described as "Our Federalism.") (citing *Younger*, 401 U.S. at 44).

[18] *See Capps v. Sullivan*, 13 F.3d 350, 354 n.2 (10th Cir. 1993) ("[F]ederal courts should abstain from the exercise of ... jurisdiction if the issues raised ... may be resolved either by trial on the merits in the state court or by other [available] state procedures.") (quotation omitted); *Steffel v. Thompson*, 415 U.S. 452, 460–61 (1974) (pendant "state proceeding, in all but unusual cases, would provide the federal plaintiff with the necessary vehicle for vindicating his constitutional rights").

[19] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). *See Younger*, 401 U.S. at 54; *Phelps v. Hamilton*, 59 F.3d 1058, 1064–68 (10th Cir. 1995).

[20] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066).

wearing an "electronic device," the bare allegations fail to meet the heavy burden of establishing bad faith or harassment on the part of the Defendants. Additionally, Plaintiff himself cites to subsequent criminal proceedings after the alleged incident. Plaintiff's Complaint shows no allegations establishing extraordinary circumstances sufficient for the Court to decline to abstain under *Younger*. Thus, to the extent the matter leading to any arrest and criminal proceedings against Plaintiff, and any related enforcement proceedings or appeals, remain ongoing, the *Younger* abstention doctrine anticipates dismissal of Plaintiff's Complaint.

## V.    Conclusion

Being mindful Plaintiff proceeds on a pro se basis, the Court finds Plaintiff's Complaint lacks subject matter jurisdiction. This Court is required to abstain from exercising jurisdiction over the ongoing state court criminal proceedings in Sedgwick County, Kansas. Therefore, it is recommended Plaintiff's Complaint (ECF No. 1) be dismissed for lack of subject matter jurisdiction.

**IT IS RECOMMENDED** Plaintiff's Complaint **(ECF No. 1)** be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1).

**IT IS SO ORDERED.**

Dated April 16, 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge