IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTHONY-LAMONT SCOTT,

      Plaintiff,

v.                                      Case No. 24-1193-JWB-GEB

EIGHTEENTH JUDICIAL DISTRICT COURT
SEDGWICK COUNTY KANSAS,
MARC BENNETT, SEDGWICK COUNTY
SHERIFF'S OFFICE AND WICHITA POLICE
DEPARTMENT,

      Defendants.

**MEMORANDUM AND ORDER**

This matter is before the court on Magistrate Judge Gwynne Birzer's Report and Recommendation ("R&R") which recommends dismissal for lack of subject matter jurisdiction. (Doc. 5.)  Plaintiff has not objected to the R&R and the time for doing so has now passed.  The R&R is ADOPTED for the reasons stated herein.

**I.      Facts and Procedural History**

On October 24, 2024, Plaintiff filed this civil rights complaint against Defendants Eighteenth Judicial District Court, Sedgwick County District Attorney Marc Bennett, the Sedgwick County Sheriff's office, and the City of Wichita Police Department.   (Doc. 1.) According to the complaint, Plaintiff was "kidnapped" by the police on August 27, 2024, and has been forced to wear an electronic device. (*Id.* at 3.)  Plaintiff's complaint also references a state court criminal action and asks this court to dismiss the same. (*Id.* at 4–5.)  Magistrate Judge Birzer issued an R&R in which she recommends dismissal for lack of subject matter jurisdiction under the *Younger* abstention doctrine.

**II.     Standard**

Pro se pleadings are construed liberally, but a district court cannot assume the role of an advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). And pro se plaintiffs must follow the same rules of procedure that govern represented litigants. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Plaintiff was informed that he must object to the R&R within 14 days and he has not done so. "In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S. 140, 150 (1985)).

III.   **Analysis**

Plaintiff's complaint seeks dismissal of an ongoing state court criminal action and also asks this court to order removal of his electronic device, the wearing of which was presumably ordered by the state court. Under the *Younger* abstention doctrine, this court is to abstain from interfering in pending state court proceedings. *Phillips v. Martin*, 315 F. App'x 43, 44 (10th Cir. 2008) (citation omitted). After review of the standard, Magistrate Judge Birzer determined this action should be dismissed under the *Younger* abstention doctrine. Although Plaintiff received notice of the R&R, he failed to object to the order. (Doc. 6.) The court has reviewed the R&R and finds that dismissal without prejudice for lack of subject matter jurisdiction is warranted.

IV.   **Conclusion**

Magistrate Judge Birzer's R&R (Doc. 5) is ADOPTED and Plaintiff's complaint is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED. Dated this 15th day of May, 2025.

> __s/ John W. Broomes_____
> JOHN W. BROOMES
> UNITED STATES DISTRICT JUDGE